UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 1:19-cr-00024-TLS-SLC |
| | ) | |
| KRISTIN M. FERGUSON *also known as* Detroit | ) | |

## OPINION AND ORDER

Before the Court is a motion to suppress (DE 25) filed by Defendant Kristin M. Ferguson also known as Detroit ("Ferguson"), which has been referred to the undersigned magistrate judge for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72-1 (DE 29). The Court SETS this matter for an evidentiary hearing on July 18, 2019, at 9:00 a.m.; this Opinion and Order addresses the scope of such evidentiary hearing.

### A. Background

Ferguson requests that evidence obtained by the search and seizure of her residence on February 18, 2019, be suppressed because: (1) the officers allegedly completed a warrantless search without her consent and used evidence obtained therein in the search warrant affidavit, which tainted the search warrant; (2) the search warrant affidavit allegedly contains false statements and omits material facts—namely, information about the informant upon which the judge could assess the informant's credibility and reliability; and (3) in executing the search warrant, the officer allegedly exceeded the scope of the warrant, resulting in the seizure of articles not described in the search warrant. (DE 25 at 1-2). Ferguson requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), to examine the sufficiency of the search warrant, asserting that the affiant in the search warrant affidavit: (1)

knowingly or recklessly made false statements which were necessary to the finding of probable cause, and (2) knowingly or recklessly omitted material information which if included would have negated probable cause. (DE 25 at 2).

The government disputes Ferguson's assertion that the search of her residence violated the Fourth Amendment. (DE 27). The government argues that Ferguson is not entitled to a *Franks* hearing because she fails to make the substantial preliminary showing needed to overcome the presumption that search warrants are valid. The government states that if the motion to suppress is set for an evidentiary hearing, the hearing should be limited to the circumstances of the alleged protective sweep performed in Ferguson's residence. (DE 27 at 13).

## B. The Search Warrant Affidavit

The following is a brief synopsis of the relevant facts in the search warrant affidavit signed by Officer Don Garab of the Wolcottville Police Department on February 18, 2019. (DE 25 at 4-5).

On February 18, 2019, at about 12:00 p.m., Officer Brandon Garrison and Officer Garab performed a traffic stop of a vehicle driven by James Mitchell in Wolcottville, Indiana. Mitchell, whose driving privileges were suspended, had two small children in the car. Mitchell advised the officers that the children's mother was Ferguson, and he provided the officers with her home address. Mitchell told the officers that Ferguson was selling and using methamphetamine in her house, that he had observed large quantities of methamphetamine being sold at her house, and that prior to the traffic stop he had been at her house where he ingested methamphetamine. Mitchell also told the officers that Ferguson uses her cell phone to set up the purchase and sale of

illegal substances.

The officers transported Mitchell and the children to Ferguson's residence. Upon arrival, the officers saw a burnt marijuana cigarette outside the front door. Ferguson invited the officers inside, and the officers saw a glass smoking device that they recognized as an instrument used to ingest illegal substances. The officers asked for Ferguson's consent to search the house, but Ferguson denied the officers' request. The officers then "secured the house in order to apply for a search warrant." (DE 25 at 4-5). While "clearing the house looking for any other occupants," the officers observed a safe; several more glass pipes that they recognized as instruments used to used to ingest illegal substances; and a cell phone belonging to Ferguson, which received numerous calls and text messages while the officers were applying for the search warrant. (DE 25 at 5).

Judge Robert Kirsch of the Noble Superior Court signed the search warrant, and Officer Garab executed the warrant at 4:30 p.m. on February 18, 2019. (DE 25 at 6-7).

### C. The Law Pertaining to a Franks Hearing

"Affidavits supporting search warrants are presumed valid." *United States v. Jackson*, 103 F.3d 561, 573 (7th Cir. 1996) (citing *Franks*, 438 U.S. at 171). The Fourth Amendment requires an evidentiary hearing concerning the truthfulness of information included in a search warrant application only where the defendant makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *United States v. Robinson*, 546 F.3d 884, 887 (7th Cir. 2008) (quoting *Franks*, 438 U.S. at 155-56). "These elements are hard to prove, and thus *Franks*

3

hearings are rarely held." *United States v. Swanson*, 210 F.3d 788, 790 (7th Cir. 2000).

"[The Seventh Circuit Court of Appeals] has interpreted the holding of *Franks* to also apply to omissions in affidavits." *Robinson*, 546 at 887 (citing *United States v. Harris*, 464 F.3d 733, 737 (7th Cir. 2006)). "Therefore, a defendant may also challenge an affidavit by showing that the affiant intentionally or recklessly omitted material information." *Id*. (citing *Harris*, 464 F.3d at 737; *Shell v. United States*, 448 F.3d 951, 958 (7th Cir. 2006)). To obtain a *Franks* hearing based on material omissions, "the defendant must . . . show that if the deliberately or recklessly false statements were omitted, or if the deliberately or recklessly misleading omissions included, probable cause would have been absent." *United States v. McMurtrey*, 704 F.3d 502, 509 (7th Cir. 2013) (citing *Franks*, 438 U.S. at 171-72).

"Allegations of negligent or innocent mistakes do not entitle a defendant to a hearing, nor do conclusory allegations of deliberately or recklessly false information." *Id.* at 508. "The defendant must identify specific portions of the warrant affidavit as intentional or reckless misrepresentations, and the claim of falsity should be substantiated by the sworn statements of witnesses." *Id*. (citing *Franks*, 438 U.S. at 171). "Ordinarily an omission from a warrant affidavit is considered 'material' if the court would not have authorized the warrant had it known the omitted facts." *United States v. Owens*, No. 16-CR-38-JPS, 2016 WL 7079609, at *5 (E.D. Wis. Dec. 5, 2006) (citing *Shell*, 448 F.3d at 954); *Molina ex rel. Molina v. Cooper*, 325 F.3d 963, 970 (7th Cir. 2003); *United States v. Pace*, 898 F.2d 1218, 1232-33 (7th Cir. 1990)).

## D. Analysis

Ferguson first argues that the affiant in the search warrant affidavit, Officer Garab, "knowingly or with reckless disregard for the truth made false statements which were necessary

4

to the finding of probable cause." (DE 25 at 2, 5).  Ferguson, however, does not describe with any specificity the purportedly false statements, much less substantiate the information by the sworn statements of witnesses.  *See McMurtrey*, 704 F.3d at 509.  Nor does Ferguson explain how the false information would negate the finding of probable cause.  This dooms Ferguson's request for an evidentiary hearing under *Franks* on the basis of false statements, as "conclusory allegations of deliberately or recklessly false information" do not entitle a defendant to a *Franks* hearing.  *Id.*; *see also Harris*, 464 F.3d at 738.

Ferguson also contends that the search warrant affidavit had deliberately or recklessly misleading omissions.  This time Ferguson is more specific; she contends that the search warrant affidavit "did not include any information regarding the underlying circumstances from which the affiant concluded that the informant was credible or his information reliable." (DE 25 at 2).

"For cases where the affidavit is based on an informant's report, [the Supreme Court] in [*Illinois v. Gates*, 462 U.S. 213, 240 (1983)] adopted the 'totality-of-the-circumstances analysis that traditionally has informed probable cause determinations.'" *United States v. Glover*, 755 F.3d 811, 816 (7th Cir. 2014).  To evaluate the totality of the circumstances in informant cases, the Seventh Circuit has considered five primary factors: "the level of detail, the extent of firsthand observation, the degree of corroboration, the time between the events reported and the warrant application, and whether the informant appeared or testified before the magistrate." *Id.* (citing *United States v. Johnson*, 655 F.3d 594, 600 (7th Cir. 2011)).  "[T]he complete omission of . . . information regarding the informant's credibility [is] sufficient to raise an inference that the officer acted in reckless disregard for the truth, warranting a *Franks* hearing." *United States v. Cherry*, No. 12 CR 415, 2015 WL 2149294, at *1 (N.D. Ill. May 6, 2015) (citing *Glover*, 755

5

F.3d at 817-18).

Ferguson's assertion that the search warrant affidavit failed to include any information pertinent to the informant's credibility or reliability is misplaced. To the contrary, the affidavit provides information about the informant that speaks to several factors relevant to the totality-of-the-circumstances evaluation. The affidavit reveals that the affiant knew the informant's name, James Mitchell, and spoke with him face-to-face. (DE 25 at 4); *see Ferris v. Williams*, No. 1:11-cv-836-TWP-MJD, 2012 WL 6201074, at *3 (S.D. Ind. Dec. 12, 2012) (stating that tips from face-to-face informants "are more trustworthy and reliable than anonymous tips" (citations omitted)). The affidavit also relays the details that Mitchell provided about Ferguson, including her name and address, her relationship to the two minor passengers in his car, that she sells and uses methamphetamine at her residence, that she stores the methamphetamine in locked safes at her residence, and that she uses her cell phone to set up the purchase and sale of illegal substances. (DE 24 at 4-5); *see, e.g.*, *United States v. Taylor*, 471 F.3d 832, 839 (7th Cir. 2006) (considering the level of detail provided by the informant as a factor when assessing his credibility). The affidavit also indicates that Mitchell had personally observed the sale of large quantities of methamphetamine at Ferguson's residence. (DE 24 at 4); *see, e.g.*, *Taylor*, 471 F.3d at 839 (considering the informant's "firsthand knowledge" as a factor where he had been present at the defendant's residence on numerous occasions when illegal cannabis sativa plants were present); *United States v. Lloyd*, 71 F.3d 1256, 1263 (7th Cir. 1995) (recognizing that an informant's firsthand observations support a finding of reliability).

Additionally, Mitchell's statements summarized in the affidavit—such as that he had ingested methamphetamine at Ferguson's house before the traffic stop—were against his own

6

penal interest, which also speaks to reliability. (DE 24 at 4); *see United States v. Olson*, 408 F.3d 366, 371 (7th Cir. 2005) (stating that an informant's statement against his penal interest carries a presumption of reliability (citations omitted)). The search warrant affidavit further reveals the extent to which Mitchell's statements were corroborated by the officers' own observations when they arrived at Ferguson's residence. *See Taylor*, 471 F.3d at 839-40 (finding that the informant's veracity was underscored by the detective's ability to corroborate the majority of the informant's story); *see also Olson*, 408 F.3d at 371. That is, once at Ferguson's residence, the officers observed a burnt marijuana cigarette outside of her front door, and when Ferguson opened the door and invited the officers inside, the officers observed a glass smoking device that they recognized as an instrument used to ingest illegal substances. (DE 25 at 4).

Therefore, contrary to Ferguson's assertion, this is *not* a case in which the search warrant affidavit suffered from a "complete omission of information regarding the informant's credibility." *Cherry*, 2015 WL 2149294, at *1. Rather, several factors were included in the search warrant affidavit upon which to address the "totality of the circumstances" in this informant case. *Glover*, 755 F.3d at 816. Nor does Ferguson identify an omission of damaging information from the search warrant affidavit such that "the court would not have authorized the warrant had it known the omitted facts." *Owens*, 2016 WL 7079609, at *5. Conclusory allegations of deliberately or recklessly false information, or conclusory allegations of intentionally or recklessly omitted material information, do not entitle a defendant to a *Franks* hearing. *See McMurtrey*, 704 F.3d at 509. Consequently, Ferguson has not made the requisite "substantial preliminary showing" to justify a *Franks* hearing to test the sufficiency of the search warrant affidavit in this instance. *Robinson*, 546 F.3d at 887.

### E. Conclusion

For the foregoing reasons, Ferguson is not entitled to a *Franks* hearing to test the

sufficiency of the search warrant affidavit in this case. The Court, however, SETS this matter for an evidentiary hearing on July 18, 2019, at 9:00 a.m., to address the alleged protective sweep performed by the officers in Ferguson's residence prior to obtaining the search warrant, and the scope of the search and seizure performed pursuant to the search warrant

SO ORDERED.

Entered this 27th day of June 2019.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge